**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4036**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIUS HEIJNEN,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  G. Ross Anderson, Jr., District
Judge.  (CR-03-45)

─────────────

Submitted:  August 3, 2005        Decided:  September 19, 2005

─────────────

Before WILKINSON, WILLIAMS, and KING, Circuit Judges.

─────────────

Affirmed in part, vacated, and remanded by unpublished per curiam
opinion.

─────────────

Jessica Ann Salvini, SALVINI & BENNETT, LLC, Greenville, South
Carolina, for Appellant. David Calhoun Stephens, Assistant United
States Attorney, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Antonius M. Heijnen appeals his convictions after a jury trial on one count of conspiracy against the United States, in violation of 18 U.S.C. § 371 (2000), and five counts of wire fraud, in violation of 18 U.S.C. § 1343 (2000), and the 188-month sentence. We affirm Heijnen's convictions, but vacate his sentence and remand for resentencing.

Heijnen asserts that, because he never left New Mexico or was ever physically present in South Carolina during the time period alleged in the indictment, the district court in South Carolina did not have jurisdiction over the charges against him and that venue was improper in South Carolina. Heijnen presented these arguments to the district court in pretrial motions to dismiss.

Congress established the criminal jurisdiction of the district courts by statute: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231 (2000); see generally United States v. Cotton, 535 U.S. 625, 629-31 (2002) (discussing criminal jurisdiction of district courts). The indictment in this case alleged that Heijnen violated sections 2, 371, and 1343 of Title 18, United States Code. (R. Vol. 1, Tab 11). Because the indictment properly alleged offenses against the laws of the United States, the district court had jurisdiction over Heijnen and the charged crimes.

- 2 -

The venue statute generally applicable to criminal cases provides that "[e]xcept as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237 (2000). We have recognized that "a conspiracy may be prosecuted in any district in which the agreement was formed or in which an act in furtherance of the conspiracy was committed." United States v. Gilliam, 975 F.2d 1050, 1057 (4th Cir. 1992), and that the acts of one member of a conspiracy can be attributed to all other co-conspirators for venue purposes. United States v. Al-Talib, 55 F.3d 923, 928-29 (4th Cir. 1995). The indictment alleged overt acts in furtherance of the conspiracy that included two of the co-conspirators traveling to South Carolina and meeting with undercover agents posing as potential investors. We therefore conclude that the district court properly rejected Heijnen's motion to dismiss the conspiracy count for lack of venue.

The wire fraud counts charged that Heijnen participated in telephone conversations with undercover agents located in South Carolina and sent documents by telefax in which he made representations related to the investment scheme. In the context of a wire fraud prosecution, we have held that "wire fraud [is] a 'continuing offense,' as defined in § 3237(a), properly tried in

any district where a . . . wire communication was transmitted in furtherance of [the] fraud scheme," and that "[e]ach of [the] transmittals occurred 'both where it was sent and where it was received.'" United States v. Ebersole, 411 F.3d 517, 527 (4th Cir. 2005) (quoting United States v. Kim, 246 F.3d 186, 191 (2d Cir. 2001)). Because the indictment alleged that Heijnen caused wire communications in furtherance of the fraud scheme that were received in South Carolina, venue for the wire fraud counts was proper in the District of South Carolina.

Heijnen asserts that he was entrapped because he did not approach the undercover agents posing as potential investors, rather they approached him. Heijnen did not request an instruction on entrapment at trial. Entrapment is an affirmative defense that requires that the defendant first establish that the government induced him to commit the charged offense. United States v. Hsu, 364 F.3d 192, 198-201 (4th Cir. 2004). Our review leads us to conclude that the evidence does not in any way indicate that the undercover agents induced Heijnen into participating in the conspiracy or the wire fraud. Rather, at most, the evidence shows merely that agents provided an opportunity to Heijnen to commit these crimes, which does not demonstrate inducement. Jacobsen v. United States, 503 U.S. 540, 549 (1992).

Heijnen next asserts that a proposed defense witness was improperly blocked from appearing at trial when his visa was

- 4 -

revoked.  The Government objected to this witness' potential testimony, as Heijnen failed to provide prior notice of an expert witness as required by Fed. R. Crim. P. 16(b)(1)(C).  Heijnen provides no evidence beyond his assertions to show that the revocation of this person's visa was in any way improper or instigated by the Government in order to block the witness' testimony.  Moreover, Heijnen's statements to the court describing this witness' expected testimony and the written statement provided by the witness demonstrate that the court was correct in concluding that this person would present expert testimony rather than fact testimony based upon personal knowledge of this case.  Because Heijnen admittedly did not provide the notice required by Fed. R. Crim. P. 16(b)(1)(C), the district court would not have abused its discretion in excluding the witness if he had appeared at trial. Accordingly, Heijnen's arguments provide no basis to question the propriety of his conviction.

Heijnen next asserts that the district court erroneously prevented him from introducing exculpatory documentary evidence at trial.  Heijnen did not object to these evidentiary rulings by the court and never made a proffer of the evidence to the court.  On appeal Heijnen does not specify the evidence he desired to present that was improperly excluded.  A district court's exclusion of evidence under the Federal Rules of Evidence is reviewed for an abuse of discretion. <u>United States v. Francisco</u>, 35 F.3d 116, 118

(4th Cir. 1994). The district court's evidentiary rulings will not be reversed unless they are "arbitrary or irrational." United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995). Our review leads us to conclude that the district court properly prevented Heijnen from introducing documents downloaded from the internet generally, as these documents are hearsay, and Heijnen provided no indication that he could establish a proper foundation to admitting this evidence, or to authenticate it. Moreover, because Heijnen did not make a proffer of the evidence to the district court, he has failed to preserve this issue. See Fed. R. Crim. P. 51(b), Fed. R. Evid. 103(a)(2).

Heijnen next argues that his offense level under the Sentencing Guidelines[1] was improperly enhanced by facts not found by the jury, in violation of United States v. Booker, 125 S. Ct. 738 (2005), and that the proper sentence would be less than the time he has already served. He does not assert any error in the determination of his base offense level. In Booker, the Supreme Court applied the rationale of Blakely v. Washington, 542 U.S. 296 (2004), to the federal sentencing guidelines and held that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by

---

[1]U.S. Sentencing Guidelines Manual (USSG) (2002).

severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. Id. at 756-57 (Breyer, J., opinion of the Court).

Subsequently, in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), we held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury (or, in a guilty plea case, admitted by the defendant), constitutes plain error that affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. Hughes, 401 F.3d at 546-56. Sentencing courts were directed to calculate the appropriate guideline range, consider that range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004), and impose a sentence. If the district court imposes a sentence outside the guideline range, the court should state its reasons for doing so. Id. at 546.

Because Heijnen did not assert a Sixth Amendment objection at sentencing, we review the district court's guideline calculation for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); Hughes, 401 F.3d at 547. Under the plain error standard, Heijnen must show: (1) there was error; (2) the error was

plain; and (3) the error affected his substantial rights. <u>Olano</u>, 507 U.S. at 732-34. Even when these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." <u>Id.</u> at 736 (internal quotation marks omitted).

The jury in Heijnen's trial, by special verdict, found that the amount intended to be invested in the scheme was $100 million,[2] which resulted in a twenty-four level enhancement of his base offense level. <u>See</u> USSG § 2B1.1(b)(1)(M). At sentencing, Heijnen argued against this enhancement in two ways. First, he asserted that, because no real money was ever involved or at risk, there was no loss or even a possibility of loss. Second, he argued that the jury's verdict found only the amount intended to be invested, not an amount lost or intended to be lost, and therefore the enhancement was not supported by the jury's verdict.

The Guidelines require that, for purposes of determining the offense level for property and financial crimes, loss is the greater of actual or intended loss. Those terms are defined as follows:

---

[2]The question posed to the jury was "[i]f your verdict as to any of the counts in the indictment is guilty, what was the amount of money proposed to be invested by the Defendant?" On the blank line following the question, the foreperson wrote in "$100,000,000.00." (R. Vol. 3, Tab 153).

(i) <u>Actual Loss.</u> – "Actual loss" means the reasonably foreseeable pecuniary harm that resulted from the offense.

(ii) <u>Intended Loss.</u> – "Intended loss" (I) means the pecuniary harm that was intended to result from the offense; and (II) includes intended pecuniary harm that would have been impossible or unlikely to occur (<u>e.g.</u>, as in a government sting operation, or an insurance fraud in which the claim exceeded the insured value.)

USSG § 2B1.1, comment. (n.2(A)). The plain language of these definitions refutes Heijnen's assertion that because there were never any actual funds involved, there could be no loss. Moreover, we have adopted "the majority view, and [held] as a matter of law that the Guidelines permit courts to use intended loss in calculating a defendant's sentence, even if this exceeds the amount of loss actually possible, or likely to occur, as a result of the defendant's conduct." <u>United States v. Miller</u>, 316 F.3d 495, 502 (4th Cir. 2003).

We also reject Heijnen's argument that the jury's special verdict does not support a finding of intended loss. When viewed in the context of the charges on which the same jury convicted Heijnen, and the evidence at trial, it is apparent that the jury fully understood that the amount intended to be invested equated to the amount Heijnen hoped to convince the potential investors to invest so that he could eventually steal that amount of money from their accounts. Because the twenty-four level enhancement was based upon a fact specifically found by the jury, we conclude that

no Sixth Amendment error occurred in the imposition of that enhancement.

Heijnen's offense level was also enhanced by two levels based upon his misrepresentations that the investment programs he offered were backed by the Federal Reserve or otherwise associated with an agency of the United States Government. At sentencing, the district court overruled Heijnen's objection to this enhancement, adopting the PSR's finding that the evidence at trial established that Heijnen stated that he worked with a task force that was purportedly connected to the Government. Because the jury's verdict does not include any findings with regard to any representations by Heijnen that he or the program he offered were connected to the Government, we conclude that imposition of this enhancement was error that was plain.[3] If this enhancement were removed, Heijnen's total offense level would be thirty, and his sentencing range would be 121 to 151 months. Because the 188-month sentence imposed does not fall within the guideline range calculated without the two-level enhancement, we conclude that this error affects Heijnen's substantial rights and requires

---

[3]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Heijnen's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is 'plain' if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

resentencing pursuant to Booker and Hughes. Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a), and then impose a sentence. Hughes, 401 F.3d at 546. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure, as required by 18 U.S.C. § 3553(c)(2). Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.

Finally, Heijnen makes several assertions of judicial bias on the part of the trial judge. Specifically, Heijnen argues that the revocation of his pretrial bond, the judge's evidentiary rulings and restrictions on his cross-examination of Government witnesses, and the denial of bond pending appeal indicate that the judge was prejudiced. Our review of the record convinces us that this argument is completely meritless.

We have considered the remaining assertions of error in Heijnen's interlocutory notice of appeal and his informal brief, and find them to be without merit. We therefore affirm Heijnen's

- 11 -

convictions but vacate his sentence and remand for resentencing. We deny Heijnen's "Motion for Intervention of Right and Application for Writ in the Nature of Quo Warranto, and Official Notice of Identification of Parties." We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED, AND REMANDED