PAMELA RANKIN, Plaintiff-Appellant v. FOOD LION, d/b/a DELHAIZE AMERICA INC., FOOD LION, INC., and FOOD TOWN STORES, INC., and FOOD LION STORE #276, Defendant-Appellees

No. COA10-392

(Filed 1 March 2011)

**Negligence— legally responsible party—summary judgment— properly granted**

The trial court did not err by entering summary judgment in favor of defendants in a negligence action. Defendants adequately supported their motion for summary judgment on the basis that none of the defendants were legally liable for the alleged negligence of employees at the Food Lion store in which plaintiff fell. Moreover, the internet printouts upon which plaintiff relied to support her assertion that the store in which she was injured was owned by defendant Delhaize America, Inc. were not admissible and could not have been properly considered by the trial court in ruling on defendants' summary judgment motion.

Appeal by plaintiff from judgment entered 1 December 2009 by Judge W. Robert Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 October 2010.

*Pamela A. Hunter, for Plaintiff-Appellant.*

*Patterson Dilthey, LLP, by Julie L. Bell, for Defendants-Appellees.*

ERVIN, Judge.

Plaintiff Pamela Rankin appeals from an order granting summary judgment in favor of Defendants Food Lion d/b/a Delhaize American Inc.; Food Lion, Inc.; Food Town Stores, Inc.; and Food Lion Store #276 concerning her claim alleging that Plaintiff sustained personal injuries as a result of Defendants' negligence. After careful consideration of Plaintiff's challenges to the trial court's decision in light of the record and the applicable law, we conclude that the trial court properly granted summary judgment in favor of Defendant and that its order should be affirmed.

## I. Factual and Procedural Background

On 29 May 2009, Plaintiff filed an unverified complaint against Defendants in which she alleged that, while shopping at Food Lion

Store #276 in Charlotte, North Carolina, on 24 June 2006, she slipped and fell in spilled soda while proceeding through the checkout line and sustained serious injuries. Plaintiff asserted that her injuries proximately resulted from Defendants' breach of their duty to maintain the store's floors in a safe manner, entitling her to recover compensatory and punitive damages.

On 16 October 2009, Defendants filed an answer in which they denied the material allegations of Plaintiff's complaint and sought dismissal of her claim. Defendant Food Lion Store #276 moved to dismiss Plaintiff's claim on the grounds that "it is not an entity and therefore cannot be sued," while all Defendants jointly moved that Plaintiff's complaint be dismissed pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(7), for failure to join a necessary party and, pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(4) and (5), for "lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process." Defendants also disputed the validity of Plaintiff's claim for punitive damages.

On 21 October 2009, Defendants filed a motion for summary judgment in which they alleged, in pertinent part, that:

> . . . Plaintiff cannot prove negligence against Defendant Delhaize America, Inc., because Plaintiff cannot prove that Defendant Delhaize America, Inc. operated or had any control over the Food Lion store where this incident occurred on the date of the incident. Further, Defendant Food Lion, Inc and Food Town, Stores, Inc are no longer corporate entities as their names changed and the surviving entity is Delhaize America, Inc. In addition, Plaintiff has failed to join Food Lion, LLC, the entity that operates the grocery store where this incident happened, which is a necessary party to this action and Plaintiff cannot now add Food Lion, LLC as the statute of limitations has expired. Further, Food Lion Store #276 is not a legal entity and therefore cannot be sued.

In support of their summary judgment motion, Defendants submitted the affidavit of Jason D. Stevens, Senior Corporate Counsel for Food Lion, LLC, in which Mr. Stevens asserted, among other things, that (1) Defendant Food Lion Store #276 is not a legal entity; (2) neither Defendant Food Lion, Inc., nor Defendant Food Town Stores, Inc., currently exists; and (3) Defendant Delhaize America, Inc., is a holding company with no role in the operation of the Food Lion store in which Plaintiff allegedly fell. On 1 December 2009, the trial court con-

ducted a hearing on Defendants' summary judgment motion and granted summary judgment in Defendants' favor. Plaintiff noted an appeal to this Court from the trial court's order.

## II. Legal Analysis

### A. Standard of Review

A trial court properly grants summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2010). As a result, the "standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). The movant "has the burden of establishing the lack of any triable issue of fact." *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). " 'When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party.' " *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001)). In addition, " '[i]f the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal. If the correct result has been reached, the judgment will not be disturbed even though the trial court may not have assigned the correct reason for the judgment entered.' " *Haugh v. County of Durham*, —— N.C. App. ——, ——, 702 S.E.2d 814, —— (2010) (quoting *Shore v. Brown*, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989)).

### B. Legal Analysis

### 1. Legal Status of Delhaize America, Inc.

First, Plaintiff argues that the trial court erred by entering summary judgment in favor of Defendants on the grounds that "the evidence of record clearly establishes that the Defendant, Food Lion's legal owner, as registered with the Secretary of State for the State of North Carolina is Delhaize America, Inc." A careful review of the record demonstrates, however, that the materials upon which Plaintiff relies in support of this assertion are not admissible and could not, for that reason, have been properly considered by the trial court in ruling on Defendants' summary judgment motion.

The essential basis upon which Defendants sought summary judgment with respect to Plaintiff's negligence claim was that Defendant Delhaize America, Inc., had no control over the Food Lion store where Plaintiff allegedly fell; that Defendant Food Lion #276 is not a legal entity capable of suing and being sued; and that the remaining two defendants, Food Lion, Inc., and Food Town Stores, Inc., no longer exist. In addition, Defendants asserted that Food Lion, LLC, is the corporate entity that operates the Food Lion store in which Plaintiff allegedly fell; that Plaintiff had not named Food Lion, LLC, as a party defendant; and that Plaintiff could no longer join Food Lion, LLC, as a party defendant because the statute of limitations applicable to Plaintiff's claim had expired. In his affidavit in support of Defendants' motion, Mr. Stevens stated that, as senior corporate counsel for Food Lion, LLC, he was "familiar with the corporate form, history and relationship between Food Lion, LLC and Delhaize America Inc." In addition, Mr. Stevens asserted that:

3. All Food Lion retail grocery stores in North Carolina are operated by Food Lion, LLC and were operated by Food Lion, LLC on June 24, 2006 including Food Lion Store, No. 276.

4. Food Lion, LLC is a wholly owned subsidiary of Delhaize America Inc.

5. Delhaize America Inc. does not do business as Food Lion and did not do business as Food Lion on June 24, 2006.

6. Delhaize America Inc. is a holding company for Food Lion, LLC and other corporate entities and does not and did not on June 24, 2006 have any role in operation or control of the Food Lion store where the incident that is the subject of the Complaint in this action is alleged to have occurred.

7. Delhaize America, Inc. does not control the operation of Food Lion, LLC.

8. Food Lion, Inc. is the former name of Delhaize America, Inc.

9. Food Town Stores, Inc. is the former name of Food Lion, Inc.

10. Neither Food Lion, Inc. nor Food Town Stores, Inc. currently exists.

11. Food Lion Store #276 is not a legal entity.

As a result, the information contained in Mr. Stevens' affidavit establishes that none of the Defendants are legally liable for the alleged negligence of employees at Food Lion Store #276. For that reason, we conclude that Defendants adequately supported their request for the entry of summary judgment.

" 'Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a prima facie case at trial.' " *Pacheco v. Rogers and Breece, Inc.*, 157 N.C. App. 445, 448, 579 S.E.2d 505, 507 (2003) (quoting *Gaunt v. Pittaway*, 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664 (2000), *cert. denied*, 353 N.C. 371, 547 S.E.2d 810 (2001)). " 'To hold otherwise . . . would be to allow plaintiffs to rest on their pleadings, effectively neutralizing the useful and efficient procedural tool of summary judgment.' " *Id.* (quoting *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342 (1992)). A thorough review of the record compels us to conclude that Plaintiff failed to respond to Defendants' properly supported summary judgment motion with admissible evidence tending to show the existence of any genuine issue of material fact relevant to Plaintiff's negligence claim.

In challenging the trial court's order granting summary judgment on appeal, Plaintiff does not dispute the validity of Defendants' contentions that Defendant Food Lion Store #276 is not a legal entity and that neither Defendant Food Lion Inc., nor Defendant Food Town Stores, Inc., currently exists. Instead, Plaintiff seeks reversal of the trial court's order on the grounds that she presented evidence that the Food Lion store in which Plaintiff was injured is owned by Defendant Delhaize America, Inc., an assertion based on two documents included in the record, both of which appear to be printouts of internet website pages. One of these documents appears to consist of a page printed from the website of the North Carolina Secretary of State, while the other appears to consist of an internet posting concerning Defendant Delhaize America, Inc. As a result, we must examine the admissibility of each of these documents in order to determine whether they suffice to require a denial of Defendants' summary judgment motion.

According to N.C. Gen. Stat. § 1A-1, Rule 56(e):

(e) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be

admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Furthermore:

"The converse of this requirement is that affidavits or other material offered which set forth facts which would not be admissible in evidence should not be considered when passing on the motion for summary judgment." . . . "Where both competent and incompetent evidence is before the trial court, we assume that the trial court, when functioning as the finder of facts, relied solely upon the competent evidence and disregarded the incompetent evidence. When sitting without a jury, the trial court is able to eliminate incompetent testimony, and the presumption arises that it did so."

*Wein II, LLC v. Porter*, 198 N.C. App. 472, 476-77, 683 S.E.2d 707, 711 (2009) (quoting *Strickland v. Doe*, 156 N.C. App. 292, 295, 577 S.E.2d 124, 128 (2003), *disc. review denied*, 357 N.C. 169, 581 S.E.2d 447 (2003), and *In Re Foreclosure of Brown*, 156 N.C. App. 477, 487, 577 S.E.2d 398, 405 (2003)). Thus, "[h]earsay matters . . . should not be considered by a trial court in entertaining a party's motion for summary judgment." *Moore v. Coachmen Indusries, Inc.*, 129 N.C. App. 389, 394, 499 S.E.2d 772, 776 (1998) (citing *Savings & Loan Assoc. v. Trust Co.*, 282 N.C. 44, 52, 191 S.E.2d 683, 688-89 (1972)).

A careful examination of the documents upon which Plaintiff bases her challenges to the trial court's order demonstrates that they fail to meet the admissibility requirement of N.C. Gen. Stat. § 1A-1, Rule 56(e). Although Plaintiff characterizes these documents as "undisputed evidence of record" and argues that they establish that Defendant Delhaize America, Inc., is "Food Lion's legal owner," she failed to properly authenticate these documents at the time that she submitted them in opposition to Defendants' request for summary judgment. As a result, contrary to Plaintiff's contention, the trial

court was not authorized to consider either document in evaluating the validity of Defendants' request for summary judgment.

N.C. Gen. Stat. § 8C-1, Rule 901 provides, in pertinent part, that:

> (a) The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
>
> (b) By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
>
> (1) Testimony that a matter is what it is claimed to be.
>
> . . . .
>
> (7) Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

In addition, N.C. Gen. Stat. § 8C-1, Rule 902, provides, among other things, that "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

> (4) A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) or complying with any law of the United States or of this State.

The record contains no evidence that, at the time that Defendants' summary judgment motion was heard before the trial court, Plaintiff offered any evidence tending to show what the documents in question were, failed to proffer certified copies of either document, and did not make any other effort to authenticate these documents. As a result, we must necessarily conclude that neither of these documents was authenticated in the manner required by N.C. Gen. Stat. § 8C-1, Rules 901 or 902, demonstrating that neither of them was properly before the trial court at the time of the hearing on Defendants' summary judgment motion.

Furthermore, N.C. Gen. Stat. § 8C-1, Rule 801(c), defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The documents upon which Plaintiff relies clearly amount to out-of-court statements that Plaintiff seeks to introduce in reliance upon the truth of their contents. For that reason, the documents in question constitute "unauthenticated hearsay[, and are] . . . analogous to the newspaper articles that courts in this circuit have frequently recognized as hearsay." *Williamson v. Prince George's County*, 2011 U.S. Dist. LEXIS 7518 (26 January 2011) (citing *United States v. Heijnen*, 149 Fed. Appx. 165, 169 (4th Cir. 2005), *cert. denied*, 552 U.S. 1051, 169 L. Ed. 2d 530, 128 S. Ct. 677 (2007) (concluding that "documents downloaded from the internet . . . are hearsay"), and *Gantt v. Whitaker*, 57 Fed. Appx. 141, 150 (4th Cir. 2003) (stating that "[t]his circuit has consistently held that newspaper articles are inadmissible hearsay to the extent that they are introduced to prove the factual matters asserted therein"). Thus, we conclude that the documents cited by Plaintiff were inadmissible at trial and were properly ignored by the trial court for this reason as well. In view of the inadmissibility of the documents upon which Plaintiff relies, we need not address Plaintiff's arguments concerning their legal significance.

We also observe that Plaintiff did not submit any affidavits or other sworn testimony in response to Defendants' summary judgment motion. " 'A verified complaint may be treated as an affidavit if it (1) is made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein.' " *Merritt, Flebotte, Wilson, Webb & Caruso, PLLC v. Hemmings*, 196 N.C. App. 600, 605, 676 S.E.2d 79, 83-84 (2009) (quoting *Page v. Sloan*, 281 N.C. 697, 705, 190 S.E.2d 189, 194 (1972)). On the other hand, "the trial court may not consider an unverified pleading when ruling on a motion for summary judgment." *Tew v. Brown*, 135 N.C. App. 763, 767, 522 S.E.2d 127, 130 (1999), *disc. review improvidently allowed*, 352 N.C. 145, 531 S.E.2d 213 (2000). Plaintiff's complaint in this case was not verified, so it could not be considered in the course of the trial court's deliberations concerning Defendants' summary judgment motion. Thus, since Plaintiff tendered no evidence in response to Defendants' properly supported summary judgment motion other than the documents that we have held to be inadmissible, we conclude that Plaintiff's contentions that she produced "evidence of record"

tending to show that Defendant Delhaize America, Inc., is the legal owner of the Food Lion store in which her injuries allegedly occurred, and that the trial court erred by granting Defendants' summary judgment motion in the face of this evidence, lack merit.

## 2. Service of Summons on Delhaize, America, Inc.

Next, Plaintiff argues that the trial court erred by granting summary judgment for Defendants on the grounds that "the evidence of record" establishes that Plaintiff properly served a summons and complaint on Defendant Delhaize America, Inc.; that Defendant Delhaize America, Inc., is "the legal owner of Food Lion, according to records provided to the Secretary of State of North Carolina;" and that "[i]t cannot be disputed, as a matter of public record, that Delhaize America, Inc., owns Food Lion, Inc." However, Plaintiff cites only the documents that we have already determined to be inadmissible in support of this argument, a fact that renders it without merit for the reasons discussed above.

## 3. Trial Court's Disregard of Plaintiff's Evidence

Finally, Plaintiff argues, in reliance on the documents that we have previously found to be inadmissible, that the trial court erred by "fail[ing] to consider the Plaintiff's proof of evidence of public record." For the reasons we have already discussed, we conclude that, to the extent that the trial court did, in fact, disregard Plaintiff's exhibits, it did not err by acting in that manner. Thus, this aspect of Plaintiff's challenge to the trial court's order lacks merit as well.

## III. Conclusion

In *G & S Business Services v. Fast Fare, Inc.*, 94 N.C. App. 483, 486-87, 380 S.E.2d 792, 794, *disc. review denied*, 325 N.C. 546, 385 S.E.2d 497 (1989), the plaintiff sued Fast Fare, Inc., and Jerry Hill for non-payment of an account for services and materials. In seeking collection of the unpaid account, Plaintiff alleged that defendant Hill was believed to be a proprietor of a Fast Fare convenience store or a manager or director of Fast Fare, Inc. "In support of their motion to dismiss, defendants offered the affidavit of defendant Hill which stated facts showing Hill had no ownership interest in the corporate defendant Fast Fare, was in fact an employee of Fast Fare, and had otherwise incurred no personal liability on any corporate obligation between Fast Fare and plaintiff." This Court upheld the trial court's decision to grant summary judgment in favor of defendant Hill, noting that "Plaintiff did not respond to defendants' motion for sum-

mary judgment with any supporting materials of its own" and that "Defendant Hill's affidavit, if true, establishes that he was not liable to plaintiff on any corporate obligation of Fast Fare." Utilizing similar logic, and based on our determination that the internet printouts upon which Plaintiff relies do not constitute admissible evidence for purpose of the analysis required in connection with the consideration of Defendants' summary judgment motion, we conclude that the trial court did not err by entering summary judgment for Defendants and that its order should be, and hereby is, affirmed.

AFFIRMED.

Judges BRYANT and STEELMAN concur.