IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA17-50

Filed: 21 November 2017

Guilford County, No. 13 CVS 6027

PLUM PROPERTIES, LLC, Plaintiff,

v.

JAVENO NAJAHWANN HOLLAND, TARA LATRICE DIALLO formerly TARA LATRICE COVINGTON, DONALD RAY LITTLEJOHN, JR., JEREMY TUCKER, DELISA L. THOMPSON (a/k/a DELISA L. SPARKS and TUCKER), ARNOLD F. SPAUGH, MATEJ SELAK, SABAHETHA SELAK, JUSTIN LASHAWN WILLIAMS AND IRMA ELIZABETH ZIMMERMAN, Defendants.

Appeal by Plaintiff from order entered 5 June 2014 by Judge Susan E. Bray in Guilford County Superior Court. Heard in the Court of Appeals 9 August 2017.

> *Gregory A. Wendling, for Plaintiff-Appellant.*

> *Teague, Rotenstreich, Stanaland, Fox & Holt, PLLC, by Stephen G. Teague, for Defendant-Appellees.*

MURPHY, Judge.

Where property owners were damaged by the intentional acts of minor children, the parents cannot be held liable if they did not know or should not have known of the necessity for exercising such control. The minors' "sneaking out" and resulting injury to personal property could not have been prevented by the exercise of reasonable care by the parents. Summary judgment is proper in favor of defendants when plaintiffs can show no genuine issue of material fact to support their

claims that the parents were negligent or in breach of duty to supervise their minor children.

Plum Properties, LLC ("Plaintiff") sued in Guilford County Superior Court on claims of negligence, breach of parent's, guardian's, and/or responsible adult's duty to supervise minor children, trespass to real and personal property, private nuisance, parental strict liability for destruction of property by minors, and punitive damages against the above named Defendants. The trial court granted a motion for partial summary judgment for Sabahetha Selak and Delisa Sparks ("Defendants") dismissing the claims of negligence, breach of parent's, guardians's and/or responsible adult's duty to supervise minor children, trespass to real and personal property, private nuisance, and punitive damages.[1] Defendants did not move for summary judgment as to the complaint of parental strict liability for destruction of property by minors. After a bench trial, judgment was entered against Defendants in favor of Plaintiff on 26 August 2016 for $6,0000 each. On appeal, Plaintiff argues that genuine issues of material facts as to its claims of negligence and failure to supervise minor children exist relative to Defendants, and thus partial summary judgment was not appropriate. We affirm the trial court's order, concluding that

---

[1] Our Court has jurisdiction for determination of this appeal under N.C.G.S. §§ 7A-27(b)(1) and 1-277(a) (2015), as the Order Granting Motion for Partial Summary Judgment is now ready for appeal as there have been final judgments entered in the underlying action. Plaintiff does not argue nor cite authority in its brief in support of its claim for nuisance, trespass, or punitive damages. These claims are deemed abandoned. N.C.R. App. P. 28(b)(6) (2016).

there were no genuine issues of material fact existing relative to Defendants, and thus partial summary judgment by the trial court was appropriate.

## Background

On three separate occasions between 5 to 21 November 2010, Defendants Javeno Holland, Justin LaShawn Williams, Matej Selak, and Jeremy Tucker broke into and vandalized four neighborhood properties owned by Plaintiff. At the time of the vandalisms, Defendants Matej Selak and Jeremy Tucker were both juveniles and lived with their mothers, Sabahetha Selak and Delisa L. Sparks, respectively. Defendants Matej Selak and Jeremy Tucker testified that, on each occasion of vandalism, they had "snuck out" of the Defendant Delisa Sparks's residence.

Defendants testified that they had no prior knowledge of their sons sneaking out of the Sparks's residence. Although Matej Selak and Jeremy Tucker both admitted to trying marijuana once, both parents also testified that they did not know of their respective sons using marijuana prior to 2010. Both parents kept reasonable rules concerning their children's curfew and behavior. Matej Selak admitted that he had snuck out of his mother's house on two occasions. Jeremy Tucker testified that he too had snuck out of his mother's house "once or maybe twice." Both Matej Selak and Jeremy Tucker testified that they had not previously engaged in vandalism or acts of property damage.

Defendant Javeno Holland testified that he had heard that Matej Selak had been involved in "something about him messing up [a] football field", and that Jeremy Tucker had been involved previously in an act of vandalism with Jeremy's uncle, although he could provide no details for either claim or vouch for whether or not they were true.

## Analysis

"Our standard of review of an appeal from summary judgment is de novo[.]" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation omitted). Summary judgment is appropriately granted if the movant can prove that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S § 1A-1, Rule 56 (2015)*; In re Estate of Redding v. Welborn*, 170 N.C. App. 324, 329-30, 612 S.E.2d 664, 668 (2005). The movant may meet its burden "(1) by showing an essential element of the opposing party's claim is nonexistent or cannot be proven, or (2) by showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim." *Belcher v. Fleetwood Enters., Inc.*, 162 N.C. App. 80, 84, 590 S.E.2d 15, 18 (2004). Upon production of evidence supporting the motion for summary judgment, the burden then shifts to the non-movant to produce evidence of a prima facie case at trial. *Welborn,* 170 N.C. App. at

329, 612 S.E.2d at 668. Here, Plaintiff failed to meet its burden on the elements of its claims for negligence and breach of parent's, guardians's, and/or responsible adult's duty to supervise minor children by failing to produce any admissible evidence of a prima facie case at trial.

"The correct rule is that the parent of an unemancipated child may be held liable in damages for failing to exercise reasonable control over the child's behavior if the parent *had the ability and the opportunity to control the child and knew or should have known of the necessity for exercising such control." Moore v. Crumpton*, 306 N.C. 618, 623, 295 S.E.2d 436, 440 (1982) (citations omitted) (emphasis added).

In *Moore*, our Supreme Court held that the parents were not liable for negligent parental supervision of their seventeen year old minor, who threatened and raped a woman. The minor had a history of substance abuse, regularly using marijuana and other controlled substances. The parents were aware of the substance abuse at all times. The minor was also in possession of a number of weapons given to him by his parents. The parents were aware of his instability, but left him home alone while going on vacation. During this time, the minor took a number of drugs, and broke into a girl's house, and raped her. *Id.* at 621-25, 295 S.E.2d at 439-41. There were discrepancies in the testimony which suggested that Moore's father may have been home and asleep when the child snuck out. *Id.* at 626, 295 S.E.2d at 442.

Our Supreme Court determined that the parents had no opportunity to control their child. "Short of standing guard over the child twenty-four hours a day, there was little that the defendant father could do to prevent [the minor] from leaving the home after the father was asleep." *Id.* at 626-27, 295 S.E.2d at 442. Our Supreme Court also determined that after midnight, when the parents were typically asleep, was "a time when parents ordinarily would not be expected to be engaged in maintaining surveillance of their children." *Id.* at 626, 295 S.E.2d at 442. Furthermore, the Supreme Court found that even with the plethora of evidence showing the parents were aware of his previous issues and substance abuse problems, this awareness did not "support a conclusion that the father knew or should have known that his failure more closely to control [the minor] would result in generally injurious consequences to anyone other than, perhaps, [the minor]." *Id.* at 628, 295 S.E.2d at 443.

In the instant case, Defendants had no reason to suspect their sons would break into and vandalize Plaintiff's property, and they would not have had an opportunity to exercise control over them. On each occurrence of vandalism, the boys "snuck out" while Delisa Sparks was asleep and while the boys were supposed to be asleep at the Sparks's home in the late night or early morning hours of the day. These are hours, as stated in *Moore*, when parents would ordinarily be expected to be in bed and not expected to be surveilling their children. Furthermore, the parents did not

have any indication their children were out to cause any trouble in the neighborhood. While the boys admitted to trying marijuana previously and admitted such to their parents, this was not an indication that they would engage in destructive behavior.

The testimony given by Javeno Holland stating that the boys had engaged in destructive acts in the past is inadmissible hearsay, and cannot be used to meet the burden of production necessary to defeat summary judgment for Defendants. In order to support a motion for summary judgment, affidavits and accompanying evidence must be made on "personal knowledge, . . . [and] *be admissible in evidence.*" N.C.R. Civ. P. 56(e) (2017) (emphasis added). Inadmissible hearsay evidence cannot be used in opposition to a motion for summary judgment. *Rankin v. Food Lion*, 210 N.C. App. 213, 220, 706 S.E.2d 310, 315 (2011) (holding that hearsay evidence should not be considered with respect to a motion for summary judgment).

While Javeno Holland testified that he heard Matej Selak had "messed up" a football field at one time, and that Jeremy Tucker once reported an incident of vandalism involving his uncle, Holland was neither testifying of his own personal knowledge, nor were the statements by a party opponent. This testimony is inadmissible hearsay. Assuming, *arguendo*, this testimony had been admissible, these events would not rise to the level required under *Moore* or alert the parents that they should have known that their sons would commit vandalism, as they had

no recent information to indicate that another such instance might occur. *Moore,* 306 N.C. at 627, 295 S.E.2d at 442.

## **Conclusion**

The trial court correctly found that there were no genuine issues of material fact as to the preserved claims against Defendants. Accordingly, we affirm Judge Bray's grant of partial summary judgment in Defendants' favor.

AFFIRMED.

Judges HUNTER, JR. and JUDGE DAVIS concur.